| | |
|---|---|
| EUGENE CARLTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>S. WINN-REED, et al.,<br><br>Defendants. | Case No. 1:19-cv-00240-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Eugene Carlton Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 20, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants in their individual and official capacities:  (1) S. Winn-Reed, Mailroom Manager/Supervisor; (2) J. Harris, Captain; (3) P. Eaton, Associate Warden; (4) N. Fransham, Chief OPS DAI; (5) P. Quinn, Chief Deputy Warden; (6) H. B. Angelia, Warden; (7) M. Voong, Office of Appeals Chief; (8) G. Bickham, Captain, Appeals Examiner; and (9) Ralph Diaz, Secretary of the California Department of Corrections & Rehabilitation ("CDCR").

Plaintiff alleges that he subscribed to the publications Prison Legal News ("PLN") and Criminal Legal News ("CLN"), monthly journals covering prison civil rights issues, analysis and prison related topics of confinement across the country. On June 6, 2018, both publications were flagged as disallowed publications because of a text only ad with an address where photos may be purchased pursuant to Title 15 of the California Code of Regulations section 3135(d) as "content obscene materials." (Doc. No. 1 at 4.) Plaintiff believes that the publications were disallowed by Defendant Winn-Reed.

On June 27, 2018, Defendant Harris approved of the disallowance, signing a CDCR Form

1819 Notice of Publication Disapproval. Plaintiff received the notice on the following day.

On June 29, 2018, Plaintiff appealed the disallowance to the first level of review via the institutional grievance process on CDCR Form 602.

Defendant Winn-Reed requested approval of the temporarily withheld publication, which she received on July 16, 2018, from Defendant N. Fransham. Defendant Fransham placed both publications, which are identified as PLN May 2018, Vol. 29, No. 5 and CLN June 2018, Vol. 1, No.7, on the disapproved list pursuant to Title 15 of the California Code of Regulations section 3134.1(e). Plaintiff asserts that Defendant Fransham is responsible for standardizing policy throughout CDCR and making a list of disapproved publications. Plaintiff claims that Defendant Fransham's decision to place both publications on the disapproved list supported the mailroom policy that deprived Plaintiff of his fundamental rights.

On July 17, 2018, Defendant Winn-Reed conducted an interview at the first level of review. Plaintiff claims that Defendant Winn-Reed merely identified herself and then summarily informed Plaintiff that his appeal was denied. Defendant Winn-Reed reportedly did not allow Plaintiff to be heard or to introduce any evidence. Instead, she stated, "I disallowed these publications from coming in because I don't want pictures to fall in the hands of sex-offenders." (Id. at 5.)

On the same date, Defendant Eaton reviewed Plaintiff's first level appeal and affirmed the decision to disallow both publications. Plaintiff claims that Defendant Eaton promoted a policy or custom practiced in the mailroom that subjected Plaintiff to a deprivation of his rights.

On August 7, 2018, at the second level of review, Defendant Quinn affirmed and agreed with the decision to disallow the publications. The review also indicated that an additional publication was being withheld from Plaintiff, CLN April 2018. Plaintiff complains that he was not given notice of the disallowance and it was not listed on the memorandum from Defendant Fransham or the request for approval of the temporarily held publications by Defendant Winn-Reed. Plaintiff also asserts that the Defendant Quinn promoted the mailroom policy or custom that subjected Plaintiff to a deprivation of his protected rights.

Plaintiff asserts that Defendant Angelia was made aware of the appeal by report but failed to remedy the appeal or the violation of Plaintiff's rights.

Defendant Bickham conducted the third level of review on behalf of Defendant Diaz. Defendant Bickham affirmed the denial of Plaintiff's appeal and added additional violations to support the denial. Defendant Bickham determined that no changes or modifications were required by the institution.

On January 9, 2019, Defendant Voong reviewed the third level appeal decision and affirmed the denial of Plaintiff's appeal.

Plaintiff alleges that Defendant Diaz was made aware of the appeal once it reached the third and final level within the department to his delegate, Defendant Bickham. Plaintiff therefore asserts that Defendant Diaz was in agreement with the decision made by Defendant Bickham. Plaintiff further alleges that Defendant Diaz failed to put into place a policy or custom to safeguard Plaintiff's fundamental rights.

Plaintiff asserts a violation of his Fourteenth Amendment rights. He seeks a declaratory judgment, along with compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

### A. Official Capacity

To the extent Plaintiff is attempting to pursue damages claims against the named defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against defendants in their individual capacities for monetary damages.

**B.     Due Process**

　　**1.     Confiscation of Magazines**

The Due Process Clause also protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

An unauthorized deprivation of personal property does not give rise to a viable claim for relief under the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). Moreover, a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. Hudson, 468 U.S. at 533. California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal.Gov't Code §§ 810–895.

While authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson, 468 U.S. at 532, n.13; Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff's Due Process claim fails insofar as he contends the confiscation of his magazines was unauthorized. To the extent he argues that it was authorized, Plaintiff admits that he received notice of the confiscation and was able to submit an inmate appeal concerning the confiscation of all three publications at issue. This was all the process that he was due. See Brown v. Galvin, No. 2:16-cv-2629 JAM DB P, 2017 WL 6611501, at *4 (E.D. Cal. Dec. 27, 2017).

### 2. Grievance/Appeals Process

Plaintiff cannot impose liability against Defendants Winn-Reed, Eaton, Quinn, Bickham, Angelia, Voong, and Diaz based on their review or denial of his inmate appeal. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### C. First Amendment

Although not addressed in the complaint, Plaintiff's allegations implicate the First Amendment to the United States Constitution. "[A]n inmate retains those First Amendment rights not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir.2001). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In determining whether a regulation is valid, the Court looks to four factors: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89–90.

Plaintiff alleges that his mail was confiscated pursuant to Title 15, Section 3135(d) of the California Code of Regulations. Section 3135(d) provides that "[i]nmates shall not possess or have under their control obscene material and/or mail containing information concerning where, how, or from whom obscene material may be obtained." Further, section 3135(d) provides that "[t]ext-only material shall not be considered obscene unless designated by the Division of Adult Institutions (DAI). DAI shall then place the designated text-only material on the Centralized List of

Disapproved Publications, subject to subsection 3134.1(e)." Cal. Code Regs, tit. 15, § 3135(d).

Plaintiff contends that Defendants Winn-Reed and Fransham wrongfully confiscated Plaintiff's magazines. However, Plaintiff's claim fails because isolated incidents of mail confiscation, without improper motive, does not rise to the level of a constitutional violation. Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal.1975) ("The conduct complained of involved a single, isolated instance of mail censorship."); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990) (finding that an isolated incident, without any evidence of improper motive does not give rise to a constitutional violation). Accordingly, to the extent that any defendant erred in confiscating Plaintiff's magazines on two occasions and that confiscation was not authorized by prison regulation, defendants' actions do not rise to the level of a constitutional violation.

**D.    Declaratory Relief**

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 8, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE