# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE CARLTON BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. WINN-REED, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00240-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Eugene Carlton Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 8, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 9.) Plaintiff's first amended complaint, filed on June 18, 2019, is currently before the Court for screening. (Doc. No. 10.)

    **I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants in their individual and official capacities: (1) S. Winn-Reed, Mailroom Manager/Supervisor; (2) J. Harris, Captain; (3) P. Eaton, Associate Warden; (4) N. Fransham, Chief OPS DAI, Office of Policy Standardization/Division of Adult Institutions; (5) P. Quinn, Chief Deputy Warden; (6) H. B. Anglea, Warden; (7) M. Voong, Office of Appeals Chief; (8) G. Bickham, Captain, Appeals Examiner; and (9) Ralph Diaz, Secretary of the California Department of Corrections & Rehabilitation ("CDCR").

Plaintiff alleges that on June 6, 2018, the mailroom staff at Sierra Conservation Center withheld from him and disallowed the May and June 2018 issues of Prison Legal News and Criminal Legal News. These publications were disallowed for allegedly violating the obscenity prohibition in Title 15 of the California Code of Regulations, section 3135(d).

Plaintiff contends that his due process rights were violated when Defendant S. Winn-Reed

2

held Plaintiff's publications for more than three weeks before obtaining a CDCR notice of disapproval form from Defendant J. Harris. Upon receipt of the notice, Plaintiff filed a CDCR 602 appeal on June 29, 2018.

Defendant S. Winn-Reed participated in the disallowance of Plaintiff's publications. On July 16, 2018, Defendant S. Winn-Reed allegedly requested approval from Defendant N. Fransham to place the temporarily withheld publications on the centralized disallowed publications list. Defendant Fransham placed these publications on the disapproved list.

On July 17, 2018, Defendant S. Winn-reed then heard the first level review of Plaintiff's 602 appeal. Plaintiff contends that Defendant Winn-Reed was not permitted to hear the appeal according to prison regulations. During the hearing, Defendant Winn-Reed stated, "I disallow these publications from coming in because I do not want pictures falling into the hands of sex offenders." (ECF No. 10 at 6.) Plaintiff claims that he was denied the minimal procedural due process protected by the Fourteenth Amendment, which he asserts requires a two-level review and referral to a prison official other than the person who originally disapproved the publication. Plaintiff further alleges that the publication did not contain photos or any obscene language that would be a threat to security.

Plaintiff later learned that his April 2018 Criminal Legal News also was being withheld. Defendant Harris failed to issue Plaintiff a CDCR Notice of Disapproval form and the publication was not on the centralized list of disapproved publications.

Plaintiff further alleges that Defendants Eaton, Quinn, Anglea and Diaz failed to put in place administrative policy and safeguards to protect Plaintiff's rights through training of staff in the mailroom. Plaintiff asserts that they prescribe and enforce policy that caused a deprivation of Plaintiff's First Amendment rights. In particular, Plaintiff faults CDCR regulation section 3135(d), which he alleges works an impermissible content discrimination without adequate procedural safeguards.

Plaintiff contends that from June 6, 2018 to present day, Defendants Winn-Reed, Harris, Eaton, Quinn, Anglea, Voong and Diaz implement a mailroom policy so deficient that the policy itself is a repudiation of Plaintiff's constitutional rights. Plaintiff alleges that the policy interferes

with his mail.

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

**III.    Discussion**

**A.    Official Capacity**

To the extent Plaintiff is attempting to pursue damages claims against the named defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against defendants in their individual capacities for monetary damages.

**B.    Due Process**

**1.    Confiscation of Magazines**

The Due Process Clause also protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

An unauthorized deprivation of personal property does not give rise to a viable claim for relief under the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). Moreover, a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. Hudson, 468 U.S. at 533. California Law provides

an adequate post-deprivation remedy for any property deprivations. See Cal.Gov't Code §§ 810–895.

While authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson, 468 U.S. at 532, n.13; Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff's Due Process claim fails insofar as he contends the confiscation of his magazines was unauthorized. To the extent he argues that it was authorized, Plaintiff admits that he received notice of the confiscation and was able to submit an inmate appeal concerning the confiscation of all three publications at issue. This was all the process that he was due. See Brown v. Galvin, No. 2:16-cv-2629 JAM DB P, 2017 WL 6611501, at *4 (E.D. Cal. Dec. 27, 2017).

### 2. Grievance/Appeals Process

Plaintiff cannot impose liability against Defendants Winn-Reed, Eaton, Quinn, Bickham, Angelia, Voong, and Diaz based on their review or denial of his inmate appeal. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### C. First Amendment

Plaintiff's alleges a violation of the First Amendment to the United States Constitution. "[A]n inmate retains those First Amendment rights not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir.2001). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological

interests." Turner v. Safley, 482 U.S. 78, 89 (1987).  In determining whether a regulation is valid, the Court looks to four factors: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89–90.

Plaintiff alleges that his mail was confiscated pursuant to Title 15, Section 3135(d) of the California Code of Regulations. Section 3135(d) provides that "[i]nmates shall not possess or have under their control obscene material and/or mail containing information concerning where, how, or from whom obscene material may be obtained." Further, section 3135(d) provides that "[t]ext-only material shall not be considered obscene unless designated by the Division of Adult Institutions (DAI). DAI shall then place the designated text-only material on the Centralized List of Disapproved Publications, subject to subsection 3134.1(e)." Cal. Code Regs, tit. 15, § 3135(d).

Plaintiff contends that Defendants Winn-Reed and Fransham wrongfully confiscated Plaintiff's magazines.  However, according to Plaintiff's allegations, the publications confiscated by Defendants Winn-Reed and Fransham were ultimately placed on the Centralized List of Disapproved Publications in compliance with CDCR regulations.

Insofar as Plaintiff complains of Defendant Harris' alleged confiscation of a single publication, Plaintiff's claim fails because an isolated incident of mail confiscation, without improper motive, does not rise to the level of a constitutional violation. Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal.1975) ("The conduct complained of involved a single, isolated instance of mail censorship."); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990) (finding that an isolated incident, without any evidence of improper motive does not give rise to a constitutional violation). Accordingly, to the extent that any defendant erred in confiscating Plaintiff's magazines on two occasions and that confiscation was not authorized by prison regulation, defendants' actions do not rise to the level of a constitutional violation.

///

**IV. Conclusion and Recommendation**

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE